UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALAN RIGGENS,

    Plaintiff,

v.                                                 CASE NO. 8:16-cv-478-T-23AAS

VALIDUS SENIOR LIVING
HOLDINGS, LLC,

    Defendant.
_____/

**<u>ORDER</u>**

The plaintiff sues (Doc. 1) his former employer under the Fair Labor Standards Act (FLSA). The parties move (Doc. 21) to dismiss this action with prejudice but fail to submit a settlement agreement for court approval.[1] William John Gadd, the plaintiff's counsel, is aware that approval is necessary. (Doc. 19 at 1) In other FLSA actions, Gadd has moved successfully for approval of a settlement.[2] Also, orders in other FLSA actions have rejected Gadd's attempt to stipulate to a dismissal with prejudice but without approval from either a district court or the Department of

---

[1] The parties' stipulation (Doc. 19) declares that "[n]o compromise of Plaintiff's claim was involved" and that "the parties settle[d] for the full amount of compensation alleged." However, neither the stipulation nor the one-paragraph motion offers any detail about the settlement, and the complaint (Doc. 1) contains no information about how much compensation is "alleged." Either a district court or the Department of Labor determines whether a settlement constitutes a "reasonable compromise," *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), and the parties cannot avoid review by declaring their settlement involves "no compromise." *See Silva v. Miller*, 307 Fed. Appx. 349, 350, 352 (11th Cir. 2009) (per curiam) ("[T]he district court ha[s] a duty to review the [compromise].").

[2] *See, e.g.*, *Waters v. Westminister Shores Inc.*, No. 8:15-cv-2755, Doc. 15 (M.D. Fla. Jan. 20, 2016); *Severinsen v. Cambridge Quality Care, LLC*, No. 8:11-cv-313, Doc. 13 (M.D. Fla. Oct. 4, 2011).

Labor.[3]  The parties' motion (Doc. 21) to dismiss this action with prejudice is **DENIED**.

The electronic docket confirms that after admission to the bar of the Middle District of Florida in 2006 Gadd has served as counsel in approximately two hundred and forty actions.  Gadd's history of representation in this district features an array of procedural blunders, such as failing to timely file a case management report[4] and otherwise failing to comply with the local rules,[5] and an array of unprofessional conduct, such as failing to pay the mediator[6] and failing to return calls from opposing counsel.  Gadd is admonished and notified that a persistent pattern of recalcitrance or inattentiveness might result in an inquiry by a grievance committee of the Middle District.

ORDERED in Tampa, Florida, on August 4, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] *See, e.g.*, *Linville v. Alcove Assisted Living Facility, Inc.*, No. 8:16-cv-847, Doc. 9 (Apr. 26, 2016) (Scriven, J.); *Holuba v. JP Morgan Chase & Co.*, No. 8:10-cv-1863, Doc. 10 (M.D. Fla. Nov. 22, 2010).

[4] *See, e.g.*, *Ventrone v. J.C.J. Ventures of Pinellas Inc. I*, No. 8:15-cv-1743, Doc. 26 (M.D. Fla. Nov. 6, 2015); *Santana v. Evans Associates, P.C.*, No. 8:13-cv-2142, Doc. 8 (M.D. Fla. Feb. 21, 2014); *Silk v. Albino*, No. 8:6-cv-33, Doc. 9 (M.D. Fla. July 5, 2006).

[5] *See, e.g.*, *Ventrone v. J.C.J. Ventures of Pinellas Inc. I*, No. 8:15-cv-1743, Docs. 21, 46 (M.D. Fla. Sept. 28, 2015 & March 17, 2016)*; Tamburello v. Amazon Processing, LLC*, No. 8:14-cv-1362, Docs. 28, 29 (M.D. Fla. Nov. 25, 2014 & Dec. 2, 2014).

[6] *See, e.g.*, *Martini v. Bank of America*, 8:15-cv-583, Doc. 67 (M.D. Fla. Dec. 11, 2015); *Lunford v. Commonwealth Financial Systems, Inc.*, No. 8:15-cv-220, Doc. 28 (M.D. Fla. Dec. 1, 2015).